IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:21-CV-00622-MOC-DSC

| | |
|---|---|
| BETTY JEAN ROBINSON, by her agent GREAT JONES NORTH CAROLINA LLC, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| VINCENT LINEBERGER, | ) ) |
| Defendant. | ) |

## MEMORANDUM AND RECOMMENDATION AND ORDER

**THIS MATTER** is before the Court on Plaintiff's "Motion to Remand," Doc. 3, and the parties' associated briefs and exhibits.

The Motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and is now ripe for consideration.

Having fully considered the arguments, the record, and the applicable authority, the undersigned respectfully recommends that Plaintiff's Motion to Remand be granted.

## PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff filed a "Complaint in Summary Ejectment" in Mecklenburg County District Court. In her Complaint she alleges Defendant breached the terms of an apartment lease contract by failing to pay rent when due or in full for the month of May 2020. On September 9, 2021, pro

se Defendant filed a "Petition for Removal and Federal Stay of Eviction Pursuant to U.S.C. § 1441(B)" and a "Removal Notice," both of which are currently pending before this Court. Defendant bases his petition for removal on the existence of federal diversity subject matter jurisdiction under 28 U.S.C. § 1332(a). On March 14, 2022 Plaintiff filed this Motion to Remand. On March 28, 2022, Defendant filed a Response in Opposition.

## DISCUSSION

The existence of subject matter jurisdiction is a threshold issue. Any removed case lacking a proper basis for subject matter jurisdiction must be remanded. Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 96 (1998); Jones v. American Postal Workers Union, 192 F.3d 417, 422 (4th Cir. 1999); Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999). The requirements are so absolute that "[n]o party need assert [a lack of subject matter jurisdiction]. No party can waive the defect, or consent to jurisdiction. No court can ignore the defect; rather a court, noticing the defect, must raise the matter on its own." Wisconsin Dept. of Corrections v. Schacht, 524 U.S. 381, 389 (1998) (internal citations omitted). See also Ashcroft v. Iqbal, 556 U.S. 662, 671 (2009) ("Subject-matter jurisdiction cannot be forfeited or waived and should be considered when fairly in doubt") (citing Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006).

A case falls within a district court's diversity jurisdiction only where diversity of citizenship among the parties is complete and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). If any defendant resides in the same state as any plaintiff, complete diversity is lacking and there is no federal jurisdiction. Mayes v. Rapoport, 198 F.3d 457, 461 (4th Cir.1999). "[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28

U.S.C. § 1332(c)(1). The term "principal place of business" refers "to the place where a corporation's officers direct, control, and coordinate the corporation's activities." See Hertz Corp. v. Friend, 559 U.S. 77, 92–93 (2010).

The Court concludes that it lacks jurisdiction under 28 U.S.C. § 1332(a). Plaintiff is a Delaware corporation with its principal place of business in Charlotte, North Carolina. Defendant is also a resident of Charlotte. Accordingly, this Court finds there is no diversity of citizenship between the parties and no basis for federal jurisdiction. Plaintiff's Motion to Remand should be granted.

## ORDER

**IT IS ORDERED** that all further proceedings in this action, including <u>all</u> discovery, are **STAYED** pending the District Judge's ruling on this Memorandum and Recommendation and Order.

## RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that Plaintiff's "Motion to Remand," Doc. 3, be **GRANTED**.

## NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v.

Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for Plaintiff, pro se Defendant, and to the Honorable Max O. Cogburn.

**SO RECOMMENDED AND ORDERED.**

Signed: July 5, 2022

David S. Cayer
United States Magistrate Judge